## Arcos Corporation v. Weldwire Company, Inc., et al.

*Henry L. Schimpf*, for plaintiff.

*Arthur Silverman* and *Earl J. Gratz*, for defendants.

SMITH, P. J., September 29, 1953.—Plaintiff's complaint in equity seeks injunctive relief restraining corporate defendant from the manufacture, sale or use of certain equipment used in welding, and individual defendants from disclosing or using certain processes, techniques and formulae necessary for the manufacture of electrodes and cutting rods. Defendants

filed preliminary objections to the complaint, stating that the averments lacked specificity.

The objections are that plaintiff failed to identify or in some manner describe the allegedly secret processes, techniques, materials, formulae or machinery which individual defendants were duty-bound not to reveal.

The issue here is the extent of the protection of trade secrets. Five of the individual defendants were formerly employed by plaintiff. All of these individuals signed an agreement promising not to disclose any of plaintiff's trade secrets. The five terminated their employment and started a competing business. In order to reach a conclusion on the question, we must analyze the complaint.

Pennsylvania R. C. P. 1019(*a*) requires that the pleadings shall contain the material facts on which a cause of action is based in a concise and summary form. Pennsylvania R. C. P. 1501 makes the above rule applicable to pleadings in equity.

First let us consider the purpose of pleadings. The pleadings must contain the material facts. The present complaint sets forth the time, place and manner in which defendants came into contact with plaintiff's secret work. It states when they terminated their employment; and it states when they organized the competing business. Are these facts sufficient to apprise defendants of the claim against them and supply them with a basis for an answer?

The recent rules of discovery are most liberal, but rule 4011(c) prohibits or limits discovery where trade or business secrets are involved. Defendants complain mainly because plaintiff has not named or identified in some fashion the secrets alleged to have been pirated. Our discussion must therefore determine whether or not defendant, at this stage of the proceedings, is entitled to such information.

That equity will protect trade secrets is well established: MacBeth-Glass Co. v. Schnelbach et al., 239 Pa. 76. The court in its opinion indicated that both parties took great pains to guard and protect the secret at issue. The question for us is how far the protection may be extended.

It may very well be that plaintiff could identify or in some manner designate the secrets that defendants are alleged to have taken and used. However, from the present state of the record we are not prepared to state that it is possible.

One thing is clear that if defendants were as highly placed as plaintiff states they were, or some of them were, there is no doubt about their knowledge. They must have information in reference to the secrets claimed and should be able to answer. At any rate plaintiff will have to establish facts sufficient to warrant a decree in his favor.

It appears that if a trade secret is entitled to protection, it is entitled to complete protection. That protection, however, does not prohibit defendant from defending himself. Insofar as the record presently stands, it is possible that the slightest public disclosure would deprive plaintiff of the benefit of his secret or secrets.

Therefore, defendants are not unaware of the issues of this matter. The averments of time, place and manner in which defendants had access to plaintiff's business secrets are sufficient to require them to answer. If plaintiff fails to prove peculiar knowledge on the part of defendants, it will not have revealed its trade secrets to the world.

## Order

And now, to wit, September 29, 1953, defendants' preliminary objections are dismissed; defendants are ordered to answer to the merits within 20 days of the date hereof.